UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL BIDWELL, | ) | CASE NO. 4:12cv1363 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHERIFF THOMAS ALTIERE, | ) | AND ORDER |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Paul Silas Bidwell ("plaintiff" or "Bidwell") filed the above-captioned complaint pursuant to 28 U.S.C. §§ 1981 and 1983, the Equal Protection Clause, the Americans with Disabilities Act ("ADA") and the Developmental Disability Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. §15001, *et seq.*, ("DD Act").[1] (Doc. No. 1.) Plaintiff, who is confined in the Trumbull County Jail ("TCJ"), names TCJ Sheriff Thomas Altiere ("Altiere") as defendant. He asserts he has been denied any and all accommodations provided by law and the Constitution.

I.    BACKGROUND

Plaintiff was booked into TCJ on March 27, 2012. Prior to reaching 18 years of age, he claims he was identified as developmentally disabled, "with an effective IQ of below 50." (Doc. No. 1 at 3.) The complaint adds that plaintiff has been "mentally incompetent" since

---

[1] The complaint cites to the Developmental Disabilities Act of 1984, 42 U.S.C. § 6000 *et seq.* (Supp. 1987), which was repealed by the Developmental Disability Assistance and Bill of Rights Act ("DD Act"), 42 U.S.C. §15001, *et seq.*, effective October 30, 2000.

1994.

Upon his arrival at TCJ, Plaintiff was allegedly not advised of any protections or accommodations to which he was entitled under the ADA or DD Act. Furthermore, no assistance was provided by trained personnel to explain his current circumstances, conditions and to determine "if there are any accommodations required to insure compliance with Federal law surrounding person[s] with developmental disabilities . . . or to insure compliance with ADA accommodation to plaintiff due to his size, height and difficulties surrounding these issues." (*Id*. at 2.) The complaint does not explain what "difficulties" plaintiff has encountered because of his size and height.

Plaintiff alleges that, on numerous occasions, he "has been subjected to security concerns . . . due to the nature of his charges[,]" including being held in a holding cell with adult offenders. (*Id*. at 3.) Further, plaintiff asserts he has routinely been removed from this environment, however, "only after physical confrontation begins." (*Id*.) Plaintiff does not allege that he has been harmed or that defendant has refused to accommodate a need.

Plaintiff's stated basis for filing his complaint relies on this Court's federal question jurisdiction. Federal question jurisdiction only arises, however, where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Under this rule, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). For the reasons set forth below, Plaintiff has not asserted a justiciable claim.

## II. DISCUSSION

### A. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

### B. Standing

Article III of the United States Constitution limits the jurisdiction of federal courts to actual "Cases" and "Controversies." U.S. CONST. ART. III, § 2, cl. 1. To satisfy this "case-or-controversy" requirement, "a plaintiff must establish three elements: (1) an injury in fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue--the injury must be fairly traceable to the defendant's action; and (3)[a] likelihood that the injury would be redressed by a favorable decision of the Court." *Blachy v. Butcher*, 221 F.3d 896, 909 (6th Cir. 2000) (internal quotation marks omitted); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (noting that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement").

The complaint consistently avers defendant is injuring plaintiff because he is disabled. It is only in his unsigned "Prayer for Relief" that plaintiff claims he was denied "regular daily access via the phone with his appointed guardian." (Prayer for Relief, Doc. No. 1

at 6.) The failure to provide this access, however, has nothing to do with his disability. Instead, he complains his contact is limited because of . . . poverty, and lack of monies to utilize the inmate phone system."[2] (*Id*.) He contrasts this fact with the facility's practice of allegedly allowing "free calls to Bondsmen for prisoners being processed and trustees." *Id*.

Without an 'injury' based on his status as a disabled individual, however, plaintiff has not established a justiciable injury, fairly traceable to any action taken by defendant. Without meeting the first two elements of standing, plaintiff cannot seek redress from this Court.

### C. Americans with Disabilities Act ("ADA")

Title II of the ADA, mandates that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This provision extends to discrimination against inmates detained in a county jail. *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (holding that "[s]tate prisons fall squarely within the statutory definition of 'public entity,' which includes 'any department, agency, special purpose district, or other instrumentality of a State or States or local government'") (quoting 42 U.S.C. § 12131(1)(B)).

Even if this Court were to accept, for argument's sake, that plaintiff suffers from a disability, he is still obligated to state a claim for relief. This requires an allegation that: (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability. 42 U.S.C.A. § 12132 *et seq*. Plaintiff

---

[2] Attached to the complaint is as a separate and unsigned document titled "Prayer for Relief," in which Plaintiff includes these allegations, as well as claims that he is purposefully manipulated by the staff. Although he also makes veiled complaints regarding adequate footwear and an adequate mattress, he states his requests are not "grievable or justified to complain about." (Doc. No. 1 at 6.)

does not allege from what service, program or activity he was excluded from participating. Instead, the complaint is framed in a style that suggests this Court is to advise plaintiff as to what benefits he is entitled under the statute. This is neither the obligation of the Court nor a stated basis for relief.

### D. Developmental Disability Assistance and Bill of Rights Act

The DD Act was enacted by Congress to "assure that individuals with developmental disabilities and their families participate in the design of and have access to needed community services" and other forms of assistance. 42 U.S.C. § 15001(b). To this end, federal funds are provided to the states on behalf of individuals with developmental disabilities for assuring:

> that individuals with developmental disabilities and their families participate in the design of and have access to needed community services, individualized supports, and other forms of assistance that promote self-determination, independence, productivity, and integration and inclusion in all facets of community life, *through culturally competent programs* authorized under this subchapter . . . .

42 U.S.C. §15001(b) (emphasis added). Therefore, the purpose of the statute is to provide federal funds to state-run programs to allow developmentally disabled individuals to participate fully in the larger community. Although disabled persons are entitled to protections within a prison setting, the DD Act was not enacted for that purpose.

### E. Civil Rights

The balance of plaintiff's generic civil rights claims do not state a cause of action. To prevail in a civil rights action under 42 U.S.C. § 1983, a plaintiff must plead and prove that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled

*on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Baker*, 443 U.S. at 140.

Plaintiff does include the "XIV Amendment" as a stated basis for this Court's jurisdiction. Here, the centerpiece for the Fourteenth Amendment allegation of unequal treatment based on a disability must state that the plaintiff was treated differently than similarly situated prisoners or prisoners with fewer, or less serious, disabilities and no rational basis underlying the disparate treatment. See *Mingus v. Butler*, 591 F.3d 474, 483 (6th Cir. 2010). Plaintiff's complaint, however, is devoid of any allegation that the defendant treated him less favorably than similarly situated prisoners because of his disability. *Id*. Without a stated violation of the Constitution, plaintiff cannot argue his civil rights were violated under § 1983.

Even if Plaintiff stated a claim under the Fourteenth Amendment, he cannot sue the defendant in his official and "private" capacity. When a state, its agency, or its employee is sued in an official capacity it is not considered a "person" subject to suit for the purposes of § 1983 litigation. *Will v. Mich. Dep't of State Police,* 491 U.S. 58(1989). Furthermore, plaintiff does not allege any act or action by defendant that has any causal connection to an injury that plaintiff has suffered.

Plaintiff suggests defendant failed to act on his behalf by failing to train the correctional staff and facility employees about compliance with federal and state disability laws

and by failing to protect plaintiff's rights guaranteed by the Constitution.³ (Doc. No. 1 at 2.) He provides no foundation, however, for any claim against the Sheriff. Instead, it appears that he is sued in this action solely because he supervises the county jail and its inmates.

Respondeat superior is not a proper basis for liability under § 1983. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The liability of supervisors cannot be based solely on the right to control employees, or "simple awareness of employees' misconduct." *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421. Furthermore, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum a plaintiff must show that the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* Inadequate training or supervision on its own, no matter how deficient, cannot lead to liability absent an underlying constitutional violation. *See Reed–Baglia v. Cnty. of Summit*, Case No. 5:09CV352, 2010 WL 723761, at *4 (N.D. Ohio Feb. 24, 2010).

Here, there is no indication in the complaint that the Sheriff encouraged or authorized specific misconduct or directly participated in any decisions with regard to accommodating plaintiff's purported disabilities. Moreover, plaintiff fails to provide any specific factual allegations concerning how the Sheriff failed to train his employees and how that failure to train specifically resulted in a violation of his constitutional rights. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*,

---

³ While the complaint does include a reference to the Equal Protection Clause, there is no allegation defendant denied or deprived plaintiff of rights other prisoners enjoy solely because of his disability.

775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Id.* at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278.

### III.  CONCLUSION

For all of the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. §1915(e). Further, the Court **CERTIFIES** that an appeal from this decision could not be taken in good faith.[4]

**IT IS SO ORDERED**.

Dated: February 21, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."